UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
*MIAMI DIVISION*

JUSTINO ROMERO and ISABEL
RODRIGUEZ,

    Plaintiffs,

v.

SUNTRUST MORTGAGE, INC. and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR SUNTRUST
MORTGAGE, INC.,

    Defendants.
_____/

CASE NO.

(Miami-Dade County Court Case No.:
2013-23235-CA-01)

## NOTICE OF REMOVAL

Defendants, SUNTRUST MORTGAGE, INC. ("SunTrust") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR SUNTRUST MORTGAGE, INC. ("MERS") (collectively "Defendants"), by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove the action currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled *Justino Romero and Isabel Rodriguez vs. SunTrust Mortgage, Inc., et al.*, Case No.: 2013-23235-CA-01 (the "State Court Action"). The Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, is within the Southern District of Florida and within this division. In support, the Defendants state:

I.  **FACTS IN SUPPORT OF REMOVAL**

1. Plaintiffs, Justino Romero and Isabel Rodriguez ("Plaintiffs"), filed their Quiet Title Complaint Quiet (the "Complaint") on or about July 2, 2013.

2. On July 23, 2013, SunTrust received service of the Summons and Complaint in this matter.

3. No process has been served on MERS as of this date rendering its consent to removal unnecessary. See 28 U.S.C. § 1446(b)(2)(A); *see also Johnson v. Elizabeth R. Wellborn, P.A.*, 418 Fed. Appx. 809, 815 (11th Cir. 2008) ("[T]he requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served.") Notwithstanding, MERS consents to the filing of this notice and the removal of the State Court Action.

4. The Defendants are therefore timely filing this Notice of Removal pursuant to 28 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a state court may be removed to the appropriate federal district court where the federal court has original jurisdiction over the action. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Plaintiffs are citizens of the State of Florida. *See* Complaint ¶3. SunTrust is a citizen of the State of Virginia. *See* Complaint ¶4.[1] MERS is a citizen of both Delaware and Virginia.[2] *See* 28 U.S.C. 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

7. Accordingly, there is complete diversity of citizenship between all Plaintiffs and all Defendants.

8. Plaintiffs' Complaint is an action to quiet title seeking to invalidate SunTrust's first mortgage recorded on October 3, 2007 in the Official Records of Miami-Dade County at Book 25966, Page 1527 (the "Mortgage").[3] The face value of the Mortgage at issue is $440,000.00. Accordingly, the amount in controversy in the instant matter exceeds $75,000. A copy of the promissory note and Mortgage at issue herein is attached hereto as **Composite Exhibit "B."**

9. As there is complete diversity of citizenship amongst the parties, and the amount in controversy exceeds $75,000.00, the District Court, pursuant to 28 U.S.C. § 1332(a), has original jurisdiction over this matter.

10. The Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, is located within the Southern District of Florida and within this division. As such, venue is proper in the Southern District of Florida, Miami Division.

---

[1] SunTrust is alleged to be foreign corporation in the Complaint.

[2] While Plaintiffs have alleged MERS is a Florida limited liability company, the corporate documents from both the Florida Division of Corporation and the Delaware Division of Corporations conclusively prove that MERS is incorporated in Delaware, with its principal place of business in Virginia. Copies of the relevant corporate documents are attached hereto as **Composite Exhibit "A."**

[3] Prior to filing the Complaint, in early 2013, SunTrust service released this loan to PennyMac. Therefore, SunTrust has no interest in the subject real property.

11.     In accordance with 28 U.S.C. § 1446(a), the Defendants have contemporaneously filed copies of all process, pleadings, and orders served on SunTrust and provided to MERS in the State Court Action. Copies of these documents are attached hereto as **Composite Exhibit "C."**

12.     In accordance with 28 U.S.C. § 1446(d), the Defendants have contemporaneously filed a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. A true and correct copy of the Notice of Filing Notice of Removal filed with the State Court is attached hereto as **Exhibit "D."**

13.     The Defendants have also served a copy of this Notice of Removal upon the Plaintiffs and all counsel of record. A true and correct copy of the Notice to Plaintiffs is attached hereto as **Exhibit "E."**

## II.    MEMORANDUM OF LAW IN SUPPORT OF JURISDICTION

A federal district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)

### A.    THE PARTIES HAVE COMPLETE DIVERSITY OF CITIZENSHIP

All of the parties in the instant matter are citizens of different states as set forth in 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). For purposes of citizenship, a corporation "shall be deemed to be a citizen of any State where it has been incorporated and of the State where it has its principal place of business." *Picoe v. Argent Mortg. Co., LLC*, 2012 WL 6619052, at *1 (M.D. Fla. 2012)(internal citations omitted). In the

instant matter, SunTrust is incorporated and maintains its principal place of business in Virginia, and as such, is a citizen of Virginia. MERS is incorporated in Delaware and maintains its principal place of business in Virginia, and as such, is a citizen of both Delaware and Virginia. The Plaintiffs are citizens and are domiciled in the State of Florida. Accordingly, all Plaintiffs are diverse from all Defendants, and no Defendant is a citizen of the State of Florida, which establishes complete diversity amongst the parties to this action.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

"The value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted." *Leonard v. Enterprise Rent a Car*, 279 F. 3d 967, 973 (11th Cir. 2002); *see also Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F. 3d 216, 218 (11th Cir. 1997). The amount in controversy is "the value of the relief being sought by Plaintiff in its complaint." *Viacom, Inc. v. Zebe*, 882 F. Supp. 1063, 1065 (S.D. Fla. 1995). In an action to quiet title to real property involving a mortgage, the amounts payable under the Mortgage and the value of the Property are relevant to a determination of the amount in controversy. See *Prop. Choice Group, Inc. v. LaSalle Bank Nat. Ass'n*, 2012 WL 2568138, at *1 (M.D. Fla. 2012) (holding that the value of the mortgage at issue in a quiet title action determines the amount in controversy); *Ra'oof v. U.S. Bank*, 2010 WL 4975496, at *1 (N.D. Ga. 2010) (holding that the value of the property that the plaintiff seeks to protect in a quiet title action determines the amount in controversy); *Diversified Mortg., Inc. v. Merscorp, Inc.*, 2010 WL 1793632, at *2 (M.D. Fla. 2010) (holding that the face value of the mortgages determines the amount in controversy).

In this case, Plaintiffs seek to quiet title to their property as described within the Complaint. The Plaintiffs acknowledge obtaining a mortgage on the subject property from SunTrust and attach a copy of same as Exhibit D to the Complaint. By attaching a copy of the Mortgage as an exhibit to the Complaint, the Mortgage is considered to be a part of the Complaint for all purposes. *See* Fed. R. Civ. P. 10(c); see also *Jordan v. Miami-Dade County*, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006). The Mortgage provides, inter alia, that: "'Note' means the promissory note signed by Borrower and dated September 12, 2007. The Note states that Borrower owes Lender Four Hundred Forty Thousand and no/100 Dollars (U.S. $440,000.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than October 1, 2037." Accordingly, by virtue of the stated amount of the Mortgage, the Plaintiffs have admitted the amount in controversy exceeds $75,000.00.

Alternatively, the value of the property at issue in this case also establishes that the amount in controversy exceeds $75,000.00. Pursuant to the Miami-Dade County Office of the Property Appraiser, the assessed value of the subject property for the tax year 2013 is $171,560.00. Accordingly, the value of the subject property at issue in this case also exceeds the $75,000.00 amount in controversy requirement of 28 U.S.C. § 1332(a). A copy of the Miami-Dade County Property Appraiser's valuation of the subject property is attached hereto as **Exhibit "F."**

### III. PROCEDURAL REQUIREMENTS AND LOCAL RULES

1. <u>Removal to Proper Court</u>. This Court is part of the "district and division" embracing the place where this action was filed – Miami-Dade County, Florida. *See* 28 U.S.C.§1446(a).

2. <u>Removal is Timely</u>. Plaintiffs served the Complaint on SunTrust on July 23, 2013. Therefore, this Notice is timely within 30 days of service. *See* U.S.C. § 1446(b).

3. <u>Pleadings and Process</u>. Attached hereto as **Composite Exhibit "C"** are copies of all process, pleadings, and order served upon Defendants in the State Court action. *See* 28 U.S.C. §1446(a).

4. <u>Notice</u>. Attached hereto as **Exhibit "E"** is a copy of a Notice of Removal to All Adverse Parties, which will be promptly served upon Plaintiff and all counsel of record and filed with the Clerk of the Circuit Court of in and for Miami-Dade County, Florida. *See* 28 U.S.C. §1446(d).

5. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. §1446(a).

6. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681.

7. Defendants expressly reserves the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal.

WHEREFORE, Defendants requests that this action but removed from the Circuit Court in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida.

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Attorneys for SunTrust Mortgage, Inc. and
Mortgage Electronic Registrations Systems, Inc.
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400

By: _____
JACOB E. MITRANI
Florida Bar No. 0715581
jem@lgplaw.com
DAVID H. HAFT
Florida Bar No. 68992
dhh@lgplaw.com

Z:\105-1527\Pleadings (Working File)\Notice of Removal.wpd